UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2011 APR 13 P 1:04

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| MARGARET GENTILE & ROBERT GENTILE<br>Plaintiffs,<br><br>v.<br><br>CAPITAL MANAGEMENT SERVICES, L.P. &<br>CITICORP CREDIT SERVICES, INC.<br>Defendants | CIVIL ACTION<br><br>JURY TRIAL<br>CLAIMED<br><br>3:11CV585(VLB)<br><br>APRIL 12, 2011 |

## COMPLAINT

1. This is a suit brought by two consumers who have been harassed by the defendants' debt collection practices. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and includes pendent claims brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. §§ 36a-645 *et seq.*

2. Plaintiff Margaret Gentile is a natural person residing in East Windsor, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Plaintiff Robert Gentile is a natural person residing in East Windsor, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

4. Defendant Capital Management Services, L.P. ("Capital Management") is a Foreign Limited Partnership engaged in the practice of debt collection in Connecticut and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

5. Defendant Citicorp Credit Services, Inc. ("CCSI") is a service corporation and a subsidiary of Citigroup, Inc. that services accounts belonging to Citibank, N.A. and other subsidiaries of Citigroup, Inc.

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

7. This Court has jurisdiction over Capital Management because it engages in debt collection within Connecticut.

8. This Court has jurisdiction over CCSI because it engages in business within Connecticut.

9. Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

10. Plaintiffs owed a consumer debt on a Home Depot credit card account owned by and issued through Citibank (South Dakota), N.A. (the "Debt").

11. CCSI serviced the Debt on behalf of Citibank (South Dakota), N.A.

12. On October 14, 2010, at approximately 3:15 PM, Plaintiff Margaret Gentile telephoned CCSI and spoke with a CCSI representative named Fred; during that conversation, she informed Fred that Plaintiffs were filing for bankruptcy and that the Debt was going to be included in their bankruptcy filing, and she provided him with

Plaintiffs' bankruptcy attorney's contact information and requested that CCSI direct all future communications not to Plaintiffs but to their bankruptcy attorney.

13. Notwithstanding having been informed of Plaintiffs' bankruptcy and with contact information for their bankruptcy attorney, CCSI subsequently assigned the Debt to Capital Management for collection purposes, and Capital Management began contacting Plaintiffs in an attempt to collect the Debt.

14. On or around the end of January 2011, a Capital Management representative called and spoke with Plaintiff Margaret Gentile in an attempt to collect the Debt, and during that conversation, she asked that representative whether Capital Management had contact information for Plaintiffs' bankruptcy attorney, and that representative responded that Capital Management already had that information as part of the file that had been transferred to it when CCSI assigned the Debt to Capital Management for collection purposes.

15. Around the same time as the collection call referenced in the paragraph above, Capital Management called Plaintiff Robert Gentile's father and told him that they were looking for Plaintiff Margaret Gentile regarding a Home Depot account.

16. Plaintiff Robert Gentile's father called Plaintiffs and asked them why someone was calling him about a Home Depot account, and this caused Plaintiffs considerable anxiety, worry, shame and embarrassment, especially since Plaintiff Robert Gentile's father lost his wife the preceding August and was suffering due to that loss, and Plaintiffs did not want him to experience additional pain and suffering by discovering that they were going through serious financial difficulties.

17. Capital Management violated the FDCPA and CUTPA by its collection activities described above, and CCSI violated the CCPA and CUTPA by its collection activities described above.

WHEREFORE, the Plaintiffs seek from Capital Management recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and Plaintiffs seek from CCSI recovery of actual damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-646; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFFS, MARGARET GENTILE & ROBERT GENTILE**

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax (860) 571-7457